**GREEN WELLING, P.C.**
Robert S. Green (State Bar No. 136183)
Charles D. Marshall (State Bar No. 236444)
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
cand.uscourts@classcounsel.com

Proposed Local Counsel
*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALAN C. LEWIS**, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SCICLONE PHARMACEUTICALS, INC., FRIEDHELM BLOBEL and GARY S. TITUS,**<br><br>Defendants. | No. 5:10-cv-03584-JW<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 98 FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: November 1, 2010<br>Hearing Time: 9:00 a.m.<br>Judge: Hon. James Ware |
| **MARIANO KARNER and FERNANDO RUBINOWICZ,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**SCICLONE PHARMACEUTICALS, INC., FRIEDHELM BLOBEL and GARY S. TITUS,**<br><br>Defendants. | No. 3:10-cv-03991-RS |

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on November 1, 2010 at 9:00 a.m. or as soon thereafter as the matter can be heard before the Honorable James Ware, United States District Judge for the Northern District of California at San Jose, in Courtroom 8, lead plaintiff movant International Brotherhood of Electrical Workers Local Union 98 ("IBEW" or "Movant") will move, and hereby does move, for an entry of an Order (a) consolidating the above-captioned related actions, (b) appointing IBEW as Lead Plaintiff, and (c) approving Movant's selection of Chimicles & Tikellis LLP and Ryan & Maniskas, LLP as Co-Lead Counsel for the Class.

IBEW seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as Lead Plaintiff and approval of Co-Lead Counsel pursuant to the Securities Exchange Act of 1934, (the "Exchange Act"), the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Robert S. Green ("Green Declaration") and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

.

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

2

## MEMORANDUM OF POINTS AND AUTHORITIES

IBEW respectfully submits the following memorandum of points and authorities in support of its Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Co-Lead Counsel.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of all purchasers of the common stock of SciClone Pharmaceuticals, Inc. ("SciClone" or the "Company") between May 11, 2009 and August 10, 2010, inclusive (the "Class Period"), against SciClone and certain of its executive officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

SciClone engages in the development and commercialization of therapeutics for the treatment of cancer and infectious diseases in the People's Republic of China and internationally. Its principal product is ZADAXIN for the treatment of hepatitis B and hepatitis C viruses, certain cancers, as well as for use as a vaccine adjuvant or as a chemotherapy adjuvant for cancer patients with weakened immune systems. Throughout the Class Period, SciClone claimed to have commercialization rights for DC Bead, a product candidate for the treatment of advanced liver cancer in China, as well as for ondansetron RapidFilm, an oral thin film formulation of ondansetron to treat and prevent nausea and vomiting caused by chemotherapy, radiotherapy and surgery in China and Vietnam.

The complaints on file in this action allege that, during the Class Period, SciClone Pharmaceuticals, Inc. ("SciClone" or the "Company"), Friedhelm Blobel ("Blobel"), President and Chief Executive Officer of SciClone, and Gary S. Titus ("Titus"), Chief Financial Officer, Senior Vice-President of Finance and Principal Accounting Officer of SciClone (together, "Defendants"), were engaged in allegedly illegal and improper sales and marketing activities in China and abroad regarding SciClone's business and products. Specifically, the complaints allege securities violations based on material misrepresentations

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

3

1    and/or omissions made in the Company's   filings with the Securities and Exchange

2    Comission ("SEC"), including: (1) that the Company's purported success was the substantial

3    result of its sales in China when, in fact, Defendants had artificially propped up the

4    Company's results by manipulating SciClone's sales abroad by engaging in illegal and

5    improper sales behavior that eventually caused the Company to become the subject of

6    investigations by the SEC and Department of Justice ("DOJ") for violations of the Foreign

7    Corrupt Practices Act ("FCPA"); (2) that SciClone had adequate systems of internal

8    operational or financial controls, such that SciClone's reported financial statements were

9    true, accurate or reliable; (3) that the Company's financial statements and reports were

10   prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and SEC

11   rules; and (4) as a result of the aforementioned material misrepresentation or omissions,

12   Defendants lacked any reasonable basis to claim that SciClone was operating according to

13   plan or that SciClone could achieve guidance sponsored and/or endorsed by Defendants.

14       SciClone's claim for commercialization rights of DC Bead ultimately caused

15   SciClone to become the focus of a joint investigation by the SEC and the DOJ for possible

16   violations of the FCPA. On August 10, 2010, it was reported that SciClone received a

17   subpoena from the SEC and a letter from the DOJ concerning the company's sale, licensing

18   and marketing of products in foreign companies, including China. As a result of this news, on

19   August 10, 2010, shares of the Company declined as much as 40% in early morning trading.

20       Plaintiffs allege that as a result of defendants' false and misleading statements,

21   SciClone common stock traded at artificially inflated prices during the Class Period.

22   **II.    PROCEDURAL HISTORY**

23       Plaintiff Alan C. Lewis commenced the first of the two above-captioned related

24   actions (the "*Lewis* Action") on August 13, 2010, and on that day counsel for Lewis

25   published a notice of the pendency of the *Lewis* Action on *Globe Newswire*.

26       Plaintiffs Mariano Karner and Fernando Rubinowicz subsequently filed a second

27

28

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

4

1  action in this District ("*Karner* Action"), naming the same defendants and alleging the same
2  factual events and the same legal bases for the claims, specifically Sections 10(b) and 20(a)
3  of the Exchange Act as amended by the PSLRA, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule
4  10b-5 promulgated thereunder by the SEC, 17 C.F.R. 10b-5. The *Lewis* and *Karner* Actions
5  are collectively referred to herein as the "Related Actions" and each is reflected above in the
6  caption of this document.

7       On September 28, 2010, the *Karner* Plaintiffs filed a Motion to Relate the *Karner*
8  case with the *Lewis* case before Judge Ware. (Dkt. No. 8). On October 7, 2010, the Court
9  granted Plaintiffs' Motion and related the *Lewis* and *Karner* Actions. (Dkt. No. 11).

10       IBEW brings the instant motion for, *inter alia*, appointment as Lead Plaintiff in the
11  Related Actions, and files this motion prior to the expiration of the 60-day period from
12  publication of Plaintiff Lewis's August 13, 2010 notice.

13  **III.   ARGUMENT**

14       **A.   The Related Actions Should Be Consolidated**

15       Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when
16  actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d
17  1281, 1284 (2d Cir. 1990). The Court has broad discretion under this Rule to consolidate
18  cases pending within its District. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir.
19  Cal. 2008).

20       The Related Actions present similar factual and legal issues, as they involve the same
21  subject matter, and present the same legal issues. Each alleges the same violations of federal
22  securities laws and is based on the same wrongful course of conduct. Each names the
23  Company and certain of its officers and/or directors as defendants. Because the Related
24  Actions arise from the same facts and circumstances and involve the same subject matter, the
25  same discovery and similar class certification issues will be relevant to the Related Actions.
26  Accordingly, consolidation under Rule 42(a) is appropriate.

27
28

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

5

**B.     IBEW Should Be Appointed Lead Plaintiff**

**1.     The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a strict, detailed procedure for the selection of Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Lewis* Action published a notice on *Globe Newswire* on August 13, 2010. *See* Green Decl. Exhibit A. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be October 12, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed Lead Plaintiff, whether or not they have previously filed a complaint in these Actions. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of the Class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

6

2.    **IBEW Is "The Most Adequate Plaintiff"**

i.    **IBEW Has Complied With the PSLRA's Procedural Requirements for Being Appointed Lead Plaintiff**

The relevant federal securities laws specifically authorize that any Class member may seek to be appointed lead plaintiff by either filing a complaint <u>or</u> moving for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The plaintiff in the first-filed action published notice on *Globe Newswire*, a national business-oriented wire service, on August 13, 2010. IBEW moves this Court to be appointed Lead Plaintiff by timely filing the instant motion to be appointed Lead Plaintiff by October 12, 2010.    Accordingly, IBEW meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by filing its motion within the 60-day time period requirement.

ii.    **IBEW Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who has the largest financial interest in the relief sought by the action. IBEW, with losses of approximately $22,462, has, to the best of its present knowledge, sustained the largest loss of any investor seeking to be appointed Lead Plaintiff. *See* Green Decl. Exhibit B.

iii.    **IBEW Satisfies The Requirements Of Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

IBEW is a union fund that is well-qualified to prosecute this Action effectively and efficiently and to monitor its counsel as a fiduciary to the Class.  In addition to evidencing the largest financial interest in the outcome of this litigation, IBEW's PSLRA Certification further evidences its willingness and ability to discharge its fiduciary duties as Lead Plaintiff, and demonstrates its cognizance of the duties of serving in that role. *See* Green Decl. Exhibit B.  Moreover, IBEW has selected and retained highly competent counsel -- Chimicles &

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

7

Tikellis LLP and Ryan & Maniskas, LLP -- with significant experience in securities class action litigation and other complex litigation to represent the Class. *See* Green Decl. Exhibits C and D.   Finally, IBEW and the proposed Action satisfy the following four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflict exists between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). IBEW satisfies these requirements at this stage of the litigation.

In this case, the typicality requirement is met because the claims of IBEW are identical to, and non-competing and non-conflicting with, the claims of the other Class

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

8

1    members. IBEW purchased SciClone securities during the Class Period when the stock prices

2    were artificially inflated as a result of Defendants' misrepresentations and omissions, and

3    thus, both IBEW and the Class members suffered damages as a result of these purchases.

4    Therefore, IBEW's claims, like the claims of each member of the Class, "arise from the same

5    event or course of conduct." *Hanon*, 976 F.2d at 508. IBEW is not subject to any unique or

6    special defenses. Thus, IBEW meets the typicality requirement of Fed. R. Civ. P. 23 because

7    its claims are the same as the claims of the other Class members.

8         IBEW meets the adequacy requirement because IBEW's interests are aligned to those

9    of the other members of the Class. Not only is there no evidence of antagonism between

10   IBEW and the other Class members, but IBEW has a significant, compelling interest in

11   prosecuting these Actions to a successful conclusion based upon its financial loss of

12   approximately $22,462 that it has suffered as a result of the wrongful conduct alleged in this

13   Action.  This motivation, combined with IBEW's identical interests with the members of the

14   Class, demonstrates that it will vigorously pursue the interests of the Class. In addition,

15   IBEW has selected law firms to represent it and the Class that are highly experienced in

16   prosecuting securities class actions. *See* Section C, below.

17        Because IBEW meets both the typicality and adequacy requirements of Fed. R. Civ.

18   P. 23 and has sustained the largest amount of losses from defendants' alleged wrongdoing,

19   IBEW is the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-

20   4(a)(3)(B)(iii)(I), and it should be appointed as such to lead this Action.

21   **C.     The Court Should Approve IBEW's Choice Of Co-Lead Counsel**

22        The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to

23   represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This

24   Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to

25   "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also*

26   *Cavanaugh*, 306 F.3d at 732-33; *In re Cohen v. United States Dist. Ct. for the N. Dist.*, 586

27

28

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

9

1  F.3d 703 (9th Cir. 2009).

2      In the present case, IBEW has selected Chimicles & Tikellis LLP ("C&T") and Ryan

3  & Maniskas, LLP ("R&M") to serve as Co-Lead Counsel for Lead Plaintiff and the Class.

4  The appointment of Co-Lead Counsel is common and appropriate when, as here, C&T and

5  R&M have both worked efficiently in the past with co-lead counsel in securities litigation

6  and such arrangements will not result in the duplication of attorneys' fees and expenses. *See*

7  *In re Foundry Networks Derivative Litig.*, 2007 U.S. Dist. LEXIS 13148, *6 (N.D. Cal. Feb.

8  12, 2007); *see also In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997)

9  (approving the plaintiffs' choice of co-lead counsel on the condition that "there is no

10  duplication of attorneys' services, and the use of co-lead counsel does not in any way

11  increase attorneys' fees and expenses"). These firms have successfully prosecuted complex

12  securities actions as well as many other types of complex class actions. *See* Green Decl.

13  Exhibits C and D. These firms are leading class action law firms, with national practices, that

14  specialize in complex litigation with an emphasis on securities, antitrust and consumer cases.

15  These firms have successfully litigated cases involving such issues as stock price

16  manipulation, false and misleading SEC filings, fraudulent stock offerings and proxy

17  solicitations, among others. Since the passage of the PSLRA, the firms have placed special

18  emphasis on the successful representation of public and private institutional investors as

19  "Lead Plaintiffs" and have been appointed as lead counsel in numerous cases brought after

20  the enactment of the PSLRA. *See id.* Furthermore, IBEW's counsel has invested time and

21  resources in carefully investigating the facts and law underlying the claims asserted in this

22  Action against defendants. This Court can be assured that in the event this motion is granted,

23  the members of the Class will receive the highest caliber of legal representation.

24  **IV.    CONCLUSION**

25      The two related securities fraud actions before the Court are virtually identical and

26  should be consolidated. In addition, IBEW has satisfied each of the PSLRA's requirements

27

28

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

10

for appointment as Lead Plaintiff. As such, IBEW respectfully requests that the Court consolidate the Actions, appoint IBEW as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:        October 12, 2010                    Respectfully submitted,

                                                  **GREEN WELLING, P.C.**

                                                  Robert S. Green
                                                  Charles D. Marshall
                                                  595 Market Street, Suite 2750
                                                  San Francisco, California 94105
                                                  Telephone: (415) 477-6700
                                                  Fax: (415) 477-6710
                                                  gw@classcounsel.com

                                                  *Proposed Local Counsel for Plaintiffs
                                                  and the Class*


                                                  **CHIMICLES & TIKELLIS LLP**

                                                  Kimberly M. Donaldson
                                                  Joseph G. Sauder
                                                  Kimberly A. Evans
                                                  361 West Lancaster Avenue
                                                  Haverford, PA 19041
                                                  Telephone: (610) 642-8500
                                                  Facsimile: (610) 649-3633
                                                  Email: kmd@chimicles.com
                                                         jgs@chimicles.com
                                                         kae@chimicles.com

                                                  *Counsel for IBEW and Proposed Co-
                                                  Lead Counsel for the Class*

---

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RYAN & MANISKAS, LLP**

Katharine M. Ryan
Richard A. Maniskas
995 Old Eagle School Rd., Ste. 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582
Email:kryan@rmclasslaw.com
        rmaniskas@rmclasslaw.com

***Proposed Co-Lead Counsel for the Class***

NOTICE OF MOTION AND MOTION OF IBEW FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

12

## CERTIFICATE OF SERVICE

I, Cynthia Thomas, hereby declare as follows:

I am employed by Green Welling, A Professional Corporation, 595 Market Street, Suite 2750, San Francisco, California 94105. I am over the age of eighteen years and am not a party to this action. On October 12, 2010, I served the within document(s):

    1.   **NOTICE OF MOTION AND MOTION OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 98 FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

XXX      by electronic transmission of a Notice of Electronic Filing via the United States District Court, Northern District of California's Electronic Case File program the above listed document(s) to the email address(es) registered in the case on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on October 12, 2010, at San Francisco, California.

Cynthia Thomas

1