**SCHUBERT JONCKHEER & KOLBE LLP**
ROBERT SCHUBERT (62684)
WILLEM F. JONCKHEER (178748)
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
wjonckheer@schubertlawfirm.com
rschubert@schubertlawfirm.com

*Counsel for Luciano Garzelli and*
*[Proposed] Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
DAVID A.P. BROWER
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300
brower@browerpiven.com

*Counsel for Luciano Garzelli and*
*[Proposed] Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN C. LEWIS, Individually And On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>SCICLONE PHARMACEUTICALS, INC., FRIEDHELM BLOBEL and GARY S. TITUS,<br><br>      Defendants.<br><br>*[caption continued after signature page]* | No. 5:10-cv-03584<br><br><u>CLASS ACTION</u><br><br>LUCIANO GARZELLI'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: February 7, 2011<br>TIME: 9:00 a.m.<br>CTRM: 8 |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 7, 2011, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the Honorable James Ware, Mr. Luciano Garzelli ("Mr. Garzelli" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Garzelli as Lead Plaintiff; and (3) approving Lead Plaintiff's selection of Brower Piven, A Professional Corporation ("Brower Piven") as Lead Counsel and Schubert Jonckheer & Kolbe LLP ("Schubert Firm") as Liaison Counsel for the Class. This Motion is made on the grounds that Mr. Garzelli is the "most adequate plaintiff." In support of this Motion, Mr. Garzelli submits herewith a Memorandum of Points and Authorities and the Declaration of Willem F. Jonckheer ("Jonckheer Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this Court are two securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of SciClone Pharmaceuticals, Inc. ("SciClone" or the "Company") between May 11, 2009 and August 10, 2010, inclusive (the "Class Period").[1] The following Actions assert claims pursuant to the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of SciClone publicly-traded securities during the Class Period (the "Class"):

---

[1] This is the longest class period alleged in the Actions. *Karner v. SciClone Pharmaceuticals, Inc., et al.*, No. 3:10-cv-03991-RS (N.D. Cal.; filed on September 7, 2010) ends the class period on August 9, 2010. This slight difference in the class period will be resolved upon the filing of a consolidated complaint.

| Abbreviated Case Name[2] | Case Number | Date Filed |
|---|---|---|
| *Lewis v. SciClone Pharmaceuticals, Inc., et al.* | 5:10-cv-03584-JW | August 13, 2010 |
| *Karner v. SciClone Pharmaceuticals, Inc., et al.* | 3:10-cv-03991-RS | September 7, 2010 |

These Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the Court is to appoint as lead plaintiff the member of the purported Class with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, Mr. Garzelli should be appointed as Lead Plaintiff because he: (1) timely filed his motion for appointment as Lead Plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which he is aware; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Jonckheer Decl., Ex. A.

In addition, Mr. Garzelli's selection of Brower Piven to serve as Lead Counsel and the Schubert Firm as Liaison Counsel should be approved because they possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all Class members.

---

[2] On October 7, 2010, the Court ruled that the following cases are related as defined by Civ. L.R.3-12(a).

Luciano Garzelli's Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof– 5:10-cv-03584-JW - 2 -

## II. SUMMARY OF THE ACTION[3]

Throughout the Class Period, SciClone engaged in the development and commercialization of therapeutics for the treatment of cancer and infectious diseases in the People's Republic of China and internationally. Its principal product is ZADAXIN for the treatment of hepatitis B and hepatitis C viruses and certain cancers, as well as for use as a vaccine adjuvant or as a chemotherapy adjuvant for cancer patients with weakened immune systems. Throughout the Class Period, SciClone claimed to have commercialization rights for DC Bead, a product candidate for the treatment of advanced liver cancer in China, as well as for ondansetron RapidFilm, an oral thin film formulation of ondansetron to treat and prevent nausea and vomiting caused by chemotherapy, radiotherapy, and surgery in China and Vietnam.

As investors ultimately learned, however, the Company's expansion in the market in China as well as its representations concerning its systems of controls and procedures were patently untrue. Throughout the Class Period, defendants were instead engaged in illegal and improper sales and marketing activities in China and abroad. This ultimately caused the Company to become the focus of a joint investigation by the SEC and the Department of Justice ("DOJ") for possible violations of the Foreign Corrupt Practices Act ("FCPA").

Accordingly, at all times during the Class Period, it was not true that the Company's purported success was the result of its sales, in substantial part, in China when, in fact, throughout the Class Period, defendants had propped up the Company's results by manipulating SciClone's sales abroad by engaging in illegal and improper sales behavior that eventually caused the Company to become the subject of investigations by the SEC and DOJ for violations of the FCPA. Further, throughout the Class Period, it was not true that SciClone had adequate systems of internal operational or financial controls, such that SciClone's reported financial statements were true, accurate, or reliable. As a result of the foregoing, throughout the Class Period, it was not true that

---

[3] This factual summary is taken from the allegations in the Class Action Complaint for Violation of Federal Securities Laws filed in *Lewis v. SciClone Pharmaceuticals, et al.,* No. 5:10-03584-JW, on August 13, 2010.

Luciano Garzelli's Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof– 5:10-cv-03584-JW - 3 -

the Company's financial statements and reports were prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and SEC rules.

As a result of the aforementioned adverse conditions which defendants failed to disclose, throughout the Class Period, defendants lacked any reasonable basis to claim that SciClone was operating according to plan, or that SciClone could achieve guidance sponsored and/or endorsed by defendants. It was only at the end of the Class Period, however, that investors ultimately learned the truth about the Company's operations after it was reported that the SEC and DOJ were investigating the Company for violations of the FCPA. At that time, shares of the Company declined almost 40% in the single trading day, on abnormally large trading volume. Defendants were motivated to, and did, conceal the true operational and financial condition of SciClone, and materially misrepresented and failed to disclose the conditions that were adversely affecting SciClone throughout the Class Period, because their scheme: (a) deceived the investing public regarding SciClone's business, operations, management and the intrinsic value of SciClone's common stock; (b) enabled defendants to register for sale with the SEC millions of shares of Company's stock; and, (c) caused Mr. Garzelli and other members of the Class to purchase SciClone's common stock at artificially inflated prices.

## III. ARGUMENT

### A. This Court Should Consolidate These Actions

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am.*

*Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### B. The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id.*

Mr. Garzelli respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

### C. Mr. Garzelli Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on August 13, 2010, on *Globe Newswire* in connection with the filing of the first-filed action. *See* Jonckheer Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Garzelli meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1. Mr. Garzelli's Motion Is Timely

Mr. Garzelli has timely filed this Motion within 60 days of the August 13, 2010 notice publication, and has also duly signed and filed his certification evidencing, among other things, his willingness to serve as a representative party on behalf of the Class. *See* Jonckheer Decl., Ex. A. Accordingly, Mr. Garzelli has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff considered by the Court.

### 2. Mr. Garzelli Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, Mr. Garzelli has losses of approximately $75,813.48. *See* Jonckheer Decl., Exs. A and B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Mr. Garzelli satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Mr. Garzelli Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Mr. Garzelli satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citation omitted).

Here, Mr. Garzelli meets the typicality and adequacy requirements because, like all other members of the purported Class, he purchased SciClone securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because Mr. Garzelli's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the Class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, Mr. Garzelli is not subject to any unique defenses and there is no evidence of any conflicts between Mr. Garzelli and the other Class members.

Mr. Garzelli therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### D. This Court Should Approve Mr. Garzelli's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Garzelli has selected Brower Piven as Lead Counsel for the Class and the Schubert Firm as Liaison Counsel for the Class. Brower Piven and the Schubert Firm have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Jonckheer Decl., Exs. D and E. Thus, the Court may be assured that in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available from Brower Piven as Lead Counsel and the Schubert Firm as Liaison Counsel. Because Mr. Garzelli has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute these Actions to the greatest recovery possible for the Class, his choice of Brower Piven as Lead Counsel and the Schubert Firm as Liaison Counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Mr. Garzelli respectfully requests that the Court: (1) consolidate the Actions, (2) appoint Mr. Garzelli as Lead Plaintiff; (3) approve Mr. Garzelli's selection of Lead Counsel and Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: October 12, 2010

**SCHUBERT JONCKHEER & KOLBE LLP**

WILLEM F. JONCKHEER
ROBERT SCHUBERT


*WILLEM F. JONCKHEER*
WILLEM F. JONCKHEER

Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Counsel for Luciano Garzelli and*
*[Proposed] Liaison Counsel for the Class*

**BROWER PIVEN**
 A Professional Corporation
DAVID A.P. BROWER
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Luciano Garzelli and*
*[Proposed] Lead Counsel for the Class*

Luciano Garzelli's Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof– 5:10-cv-03584-JW - 9 -

| | |
|---|---|
| MARIANO KARNER and FERNANDO RUBINOWICZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SCICLONE PHARMACEUTICALS, INC., FRIEDHELM BLOBEL and GARY S. TITUS,<br><br>Defendants. | No. 3:10-cv-03991-RS |

*Schubert Jonckheer & Kolbe LLP*
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Luciano Garzelli's Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof– 5:10-cv-03584-JW

- 10 -