Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
KAHN SWICK & FOTI, LLC
500 5th Avenue, Suite 1810
New York, New York 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
KAHN SWICK & FOTI, LLC
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

**Proposed Lead Counsel for Lead Plaintiff Movant George Berneshawi**

Jonathan K. Levine (SBN 220289)
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: jkl@girardgibbs.com

**Proposed Liaison Counsel for the Class**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN C. LEWIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCICLONE PHARMACEUTICALS, INC., FRIEDHELM BLOBEL and GARY S. TITUS,<br><br>Defendants. | **Docket No.: 5:10-cv-03584-JW**<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:  November 22, 2010<br>TIME:   9:00 A.M.<br>DEPT:  Courtroom 8, 4th Floor |

|   |   |   |
|---|---|---|
| 1 | ) | |
| 2 | MARIANO KARNER and FERNANDO )<br>RUBINOWICZ, on behalf of themselves and ) | **Docket No.: 3:10-cv-03991-RS** |
| 3 | all others similarly situated, )<br>) | |
| 4 | Plaintiffs, )<br>v. ) | |
| 5 | SCICLONE PHARMACEUTICALS, INC.,)<br>FRIEDHELM BLOBEL and GARY S.) | |
| 6 | TITUS, )<br>) | |
| 7 | Defendants, ) | |
| 8 | ) | |

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**NOTICE OF MOTION AND MOTION**

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that at 9:00 A.M. on November 22, 2010, or as soon thereafter as the matter may be heard, before the Honorable Judge James Ware, United States District Court, Northern District of California, San Jose Division, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California 95113, George Berneshawi ("Berneshawi" or "Movant") will and hereby does move for an order for consolidation of these actions and all future related cases; to be appointed Lead Plaintiff in these actions against SciClone Pharmaceuticals, Inc. ("SciClone" or "Company") pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and for approval of Movant's selection of the law firm Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class and Girard Gibbs LLP ("Girard Gibbs") as Liaison Counsel for the Class.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Kim E. Miller in Support of this Motion, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

Berneshawi makes this Motion in the belief that he is the most "adequate plaintiff" as defined in the PSLRA because:

1. Movant has the largest financial interest in the relief sought by the class and has incurred substantial losses in the amount of $85,819.49 as a result of his purchase of shares of SciClone during the class period, and

2. Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.

Berneshawi further requests that the Court approve the selection of his counsel KSF as Lead Counsel for the class. KSF is a nationally-recognized law firm with significant securities and class action litigation experience, and has the resources to effectively prosecute this action. KSF also represents Mr. Lewis, the named plaintiff in the first-filed complaint in this case. Berneshawi also requests that the Court approve his selection of Girard Gibbs as Liaison Counsel.

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

i

1  For all of the foregoing reasons, Berneshawi respectfully requests that this Court: (1) appoint Berneshawi to serve as Lead Plaintiff in this action; (2) approve Berneshawi's selection of Lead Counsel and Liaison Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ii

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the related actions should be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Whether Movant Berneshawi should be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA.

Whether the Court should approve Movant's selection of the law firm of KSF as Lead Counsel to represent the Class in this action, also pursuant to Section 21D(a)(3)(B) of the Exchange Act of, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA, and Movant's selection of the law firm Girard Gibbs as Liaison Counsel to the Class.

**PRELIMINARY STATEMENT**

Berneshawi hereby moves: for consolidation of the related actions; to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA; and for approval of his selection of the law firm of KSF as Lead Counsel for the Class and the law firm of Girard Gibbs as liaison counsel in this case. Berneshawi fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification attached to the Declaration of Kim E. Miller in Support of the Motion of Berneshawi For Appointment of Lead Plaintiff and Approval of Selection of Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, Berneshawi has suffered losses of $85,819.49 as a result of his purchases of shares of SciClone securities between the dates of May 11, 2009, and August 10, 2010, inclusive (the "Class Period").[1]
To the best of his knowledge, Berneshawi has sustained the largest loss of any investor seeking to be

---

[1] This was the Class Period pled in *Lewis v. SciClone Pharmaceuticals, Inc., et al.*, No. 5:10-cv-03584-JW (filed August 13, 2010, by KSF), the first case filed in this matter. In the only known related case, *Karner, et al. v. SciClone Pharmaceuticals, et al.*, No. 3:10-cv-03991-RS (filed September 7, 2010) the Class Period pleaded was May 11, 2009 to August 9, 2010. The more inclusive of these two nearly identical Class Periods – May 11, 2009 to August 10, 2010 – is the one referenced in this motion. Movant's losses would be unchanged under the shorter Class Period set forth in *Karner*.

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

1  appointed as Lead Plaintiff. In addition to evidencing the largest financial interest in the outcome of
2  this litigation, Berneshawi's Certification demonstrates his intent to serve as Lead Plaintiff in this
3  litigation, including his cognizance of the duties of serving in that role.[2] Moreover, Berneshawi
4  satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil
5  Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

6  Accordingly, Berneshawi respectfully submits this memorandum of law in support of his
7  motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as
8  amended by the PSLRA, for an order: (1) consolidating all currently and future filed related actions
9  with the instant case; (2) appointing Berneshawi as Lead Plaintiff in this action pursuant to the
10 Exchange Act; (3) approving Berneshawi's selection of the law firm of KSF as Lead Counsel for the
11 Class and Girard Gibbs as Liaison Counsel for the Class; and (4) granting such other and further
12 relief as the Court may deem just and proper.

**PROCEDURAL BACKGROUND**

The first lawsuit against defendants, *Lewis v. SciClone Pharmaceuticals, Inc., et al.*, No. 5:10-cv-03584-JW, was filed by KSF on behalf of plaintiff Alan C. Lewis, in the United States District Court for the Northern District of California, on August 13, 2010, alleging violations of the Exchange Act. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 13, 2010, the first notice that a class action had been initiated against Defendants was published on *Globe Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than October 12, 2010. *See* Miller Decl. at Exhibit B. Berneshawi is a Class Member (*See* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the August 13, 2010 notice.

**STATEMENT OF FACTS[3]**

According to its profile, SciClone is a company engaged in the development and

---

[2] A copy of Berneshawi's Certification of his transactions in SciClone securities is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

[3] These facts were derived from the allegations contained in the class action styled *Lewis v. SciClone Pharmaceuticals, Inc., et al.*, No. 5:10-cv-03584-JW (filed August 13, 2010). .

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

commercialization of therapeutics for the treatment of cancer and infectious diseases in the People's Republic of China and internationally. Its principal product is ZADAXIN, which is used for treatment of the hepatitis B and hepatitis C viruses and of certain cancers, and as a vaccine and chemotherapy adjuvant for certain patients with weakened immune systems. As alleged in the complaint, Defendants published a series of materially false and misleading statements that defendants knew and/or recklessly disregarded were materially false and misleading at the time of such publication, and that omitted to reveal material information necessary to make defendants' statements, in light of such material omissions, not materially false and misleading.

Throughout the Class Period, defendants represented to investors that SciClone held commercialization rights for DC Bead, a product candidate for the treatment of advanced liver cancer in China, as well as ondansetron RapidFilm, an oral thin film formulation of ondansetron to treat and prevent nausea and vomiting caused by chemotherapy, radiotherapy, and surgery in China and Vietnam. Defendants further represented that SciClone's purported success was the result of its sales, in substantial part, in China; that SciClone had adequate systems of internal operational and financial controls, such that its reported financial statements were true, accurate, and reliable and were prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and SEC accounting rules; and that SciClone was operating according to plan and could achieve guidance endorsed by defendants. Defendants' representations concerning the Company's purported financial and operating condition, growth, income, earnings, and prospects disseminated to the investing public through published press releases, quarterly reports, and annual reports with the SEC were materially false and misleading and/or omitted to state facts necessary under the circumstances to make the statements made not materially false and misleading. In fact, according to the complaint, SciClone's reported financial results were attributable to illegal and improper sales and accounting practices.

As described in the compliant, unbeknownst to investors, Defendants' statements regarding the Company's expansion in the Chinese market, and their representations concerning its systems of controls and procedures, were patently untrue. Throughout the Class Period, defendants were

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

allegedly engaged in illegal and improper sales and marketing activities in China and abroad. Further, the Company's purported internal accounting and financial reporting controls and procedures were allegedly defective or virtually non-existent – as evidenced by their failure to ensure dissemination of the truth about SciClone's improper activities. Thus, contrary to Defendants' public statements, the Company was *not* operating according to plan, and there was no reasonable basis for Defendants' claims that the company was capable of meeting guidance that Defendants had issued/endorsed. Indeed, SciClone's activities were alleged to be in substantial violation of the Foreign Corrupt Practices Act ("FCPA"), and would eventually trigger a joint investigation by the SEC and the Department of Justice ("DOJ"). In violation of GAAP and SEC reporting regulations, the failure to disclose the truth about SciClone's operations in China caused the Company's financial statements and defendants' claims about its performance and prospects to be materially untrue and misleading.

Investors would only learn the truth about SciClone at the end of the Class Period, when it was reported that the SEC and DOJ were investigating the Company for violations of the FCPA. Prior to the August 10, 2010, announcement, SciClone shares closed at $3.51 per share. In response to these revelations, SciClone's share price dropped almost 30% in a single day, on unusually large trading volume, to close at $2.48 per share. This sharp decline in share price caused material harm to investors, inflicting substantial losses and damages on the holders of SciClone's securities.

Defendants were motivated to and did conceal the true operational and financial condition of SciClone, and materially misrepresented and failed to disclose the conditions that were adversely affecting SciClone throughout the Class Period, because the scheme: (a) enabled Defendants to artificially inflate the price of Company shares by deceiving the investing public regarding SciClone's business, operations, and management and the intrinsic value of SciClone's common stock, thus preserving their lucrative executive positions and salaries; and (b) enabled Defendants to register for sale with the SEC millions of shares of company stock at inflated prices.

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

**ARGUMENT**

**I. THE COURT SHOULD CONSOLIDATE ALL RELATED ACTIONS**

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact. *See Yousefi v. Lockheed Martin Corp*., 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999). Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

The Court has broad discretion in determining whether or not to consolidate actions. *Southwest Marine, Inc. v. Triple A Machine Shop, Inc*., 720 F. Supp. 805, 806-807 (N.D. Cal. 1989). The PSLRA directs that cases should be consolidated where, as here, there is "more than one action on behalf of a class asserting substantially the same claim or claims." *Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Courts have recognized that securities class actions are "particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money by everyone involved." *In re Century Aluminum Co. Sec. Litig*., 2009 WL 2905962 (N.D. Cal., Sept. 8, 2009), *citing In re Equity Funding of Amer. Sec. Litig*., 416 F. Supp. 161, 176 (C.D. Cal. 1976). Here, the two Complaints filed in the Action to date assert substantially the same claims, defendants, similar Class Periods, and similar requests for relief. The Court recognized as much in its order finding these actions related to each other. (Dkt. No. 11 at 2.) Accordingly, this Court should enter an Order that consolidates *Lewis v. SciClone Pharmaceuticals, Inc., et al.*, No. 5:10-cv-03584-JW and *Karner, et al. v. SciClone Pharmaceuticals, et al.*, No. 3:10-cv-03991-RS, as well as any future-filed related cases.

**II. BERNESHAWI SHOULD BE APPOINTED LEAD PLAINTIFF**

**A. The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

5

securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Globe Newswire* on August 13, 2010 (*See* Miller Decl. Exhibit B).[4] This notice announced that applications for appointment as Lead Plaintiff were to be made no later than October 12, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing of proof that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately

---

[4] *Globe Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009).

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

representing the Class, will this presumption be overcome. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### B. Berneshawi is "The Most Adequate Plaintiff"

#### 1. Berneshawi Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

Berneshawi moves this Court to be appointed Lead Plaintiff and has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing his motion on October 12, 2010. Moreover, Berneshawi has sustained a substantial loss from his investment in SciClone stock and has shown his willingness to represent the class by signing a Certification detailing his SciClone transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by his Certification, Berneshawi is prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation, with the benefit of counsel's advice. In addition, Berneshawi has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel for the Class, KSF, is attached as Exhibit C to the Miller Declaration. The firm biography of proposed Liaison Counsel for the Class, Girard Gibbs, is attached as Exhibit D to the Miller Declaration.

#### 2. Berneshawi Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status..." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, movant (with losses of $85,819.49) has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

#### 3. Berneshawi Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780, \*15 (N.D. Cal. February 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, 2006 Dist. LEXIS 40607, \*16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors.") As detailed below, Berneshawi satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Berneshawi has claims that are typical of those of other class members and can adequately serve as Lead Plaintiff.

### i. Berneshawi's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics,* 2005 U.S. Dist. LEXIS 41396, \*13 (N.D. Cal. Aug. 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1020 (9th Cir. 1988).

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

In this case, the typicality requirement is met because Berneshawi's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Berneshawi and all of the Class Members purchased SciClone securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both Berneshawi and the Class Members suffered damages as a result of these purchases. Simply put, Berneshawi, like all other Class Members: (1) purchased SciClone securities during the Class Period; (2) purchased SciClone securities at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Berneshawi's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Crossen*, at *13. Berneshawi is not subject to any unique or special defenses. Thus, Berneshawi meets the typicality requirement of Fed. R. Civ. P. Rule 23 because his claims are the same as the claims of the other Class Members.

### ii. Berneshawi Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. November 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

Berneshawi's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Berneshawi has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Berneshawi's identical interest with the members of the Class, shows that he will adequately and

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

9

1  vigorously pursue the interests of the Class. In addition, Berneshawi has selected KSF, a law firm highly experienced in successfully prosecuting securities class actions and complex litigation, as Proposed Lead Counsel.

In sum, because of Berneshawi's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Berneshawi not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), but also has sustained the largest amount of losses at the hands of the Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III. THE COURT SHOULD APPROVE GEORGE BERNESHAWI'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Berneshawi has selected KSF to serve as Lead Counsel for the Class and Girard Gibbs to serve as Liaison Counsel for the Class. KSF has not only successfully prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, Berneshawi's counsel have continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, Berneshawi respectfully requests that this Court: (1) consolidate all currently and any future filed related cases; (2) appoint Berneshawi to serve as Lead Plaintiff in this action; (3) approve Berneshawi's selection of Lead Counsel and Liaison Counsel for the Class; (4) grant such other and further relief as the Court may deem just and proper.

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

10

| | | |
|---|---|---|
| 1 | Dated: October 12, 2010 | KAHN SWICK & FOTI, LLC |
| 2 | | By:   /s/ Kim E. Miller |
| 3 | | Kim E. Miller |
| | | 500 5th Avenue, Suite 1810 |
| 4 | | New York, NY 10110 |
| 5 | | Telephone: (212) 696-3730 |
| | | Facsimile: (504) 455-1498 |
| 6 | | |
| | | -and- |
| 7 | | |
| 8 | | Lewis S. Kahn |
| | | 206 Covington Street |
| 9 | | Madisonville, LA 70447 |
| | | Telephone: (504) 455-1400 |
| 10 | | Facsimile: (504) 455-1498 |
| 11 | | *Proposed Lead Counsel for Lead Plaintiff Movant George Berneshawi* |
| 12 | | |
| | | Jonathan K. Levine (SBN 220289) |
| 13 | | GIRARD GIBBS LLP |
| | | 601 California Street, Suite 1400 |
| 14 | | San Francisco, California 94108 |
| 15 | | Telephone: (415) 981-4800 |
| | | Facsimile: (415) 981-4846 |
| 16 | | Email: jkl@girardgibbs.com |
| 17 | | *Proposed Liaison Counsel for the Class* |

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List. I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.stanford.edu.

        /s/ Kim E. Miller
        KIM E. MILLER

NOTICE OF MOTION AND MOTION OF GEORGE BERNESHAWI FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12